**MILLER FERTILIZER COMPANY,**
Complainant,

v.

**UNITED PORTO RICAN SUGAR COM-PANY (of Porto Rico), Defendant, Eastern Sugar Associates (A Trust), Petitioners.**

**No. 1713.**

United States District Court
D. Puerto Rico,
San Juan Division.

July 5, 1957.

Fiddler, Gonzalez, Faure & Guillemard, San Juan, P. R., for petitioners.

F. Ponsa Feliu, San Juan, P. R., for Zoilo and Manuel Mendez Rios.

RUIZ-NAZARIO, District Judge.

Petitioners Eastern Sugar Associates (a Trust) are the assignees of certain rights and purchasers of certain properties acquired by them in a public sale in this action pursuant to the terms and conditions of a certain decree of this court entered herein on December 11, 1933, which among other things provided as follows:

"Article IV—Property to be sold free and clear of encumbrances except certain specified liens.

"1. The property and assets herein directed to be sold are to be sold free and clear of any and all preferences, priorities, liens and encumbrances thereon and/or claims, obligations, indebtedness and liabilities of and against the United Porto Rican Sugar Company (of Porto Rico) and/or the receiver herein other than the tax liens. * *

"2. Upon the sale of the property and assets directed in and by this

decree to be sold, all preferences, priorities, liens and encumbrances (including crop liens) thereon * * and any and all claims secured by said preferences, priorities, liens and encumbrances * * * shall be, and are hereby transferred to the proceeds of the sale of said property and assets; and this court reserves exclusive jurisdiction hereunder to determine, in accordance with the rights of the respective interested parties in said properties and assets, what portion, if any, of the proceeds of the sale represents property subject to any such preferences, priorities, liens and encumbrances * * and this Court further reserves exclusive jurisdiction to make such order or orders relating to and to pass upon and determine all questions which are and/or may be presented to in accordance with the practice of this Court * * * *relating to the foregoing matters and any of them and relating to the validity, amount, priority, if any, of the claim and/or claims of any person claiming to be entitled to share in the proceeds of sale or any part thereof.*"

Petitioners herein seek injunctive relief against Zoilo and Manuel Mendez Rios who filed a complaint against petitioners for declaratory relief in the Superior Court of Humacao. In that Court Messrs. Mendez Rios alleged that their predecessors in title (their parents), by a series of deeds, Numbers 145 (1916), 132 (1917) and 133 (1917) established and constituted a perpetual railroad right of way servitude on their tenements "Islote" and "Collazo" in favor of Juncos Central Company, and United Porto Rican Sugar Company (of Porto Rico) defendant in this Equity action No. 1713, and predecessors in title of petitioners Eastern Sugar Associates, in which case the above quoted decree of sale was entered.

Respondents herein further allege, in their complaint in the Humacao Superior Court, that their predecessors expressly reserved, in deeds 132 and 133, the right to cross the railway tracks of the Juncos Central Company, which were the subject of the servitudes, with their own private railroad tracks, and that by deed No. 36, executed in 1923, respondents' predecessors formally and expressly waived this right to cross the Juncos Central Company's servitude, on *condition that Juncos Central Company* (petitioner Eastern Sugar Associates' predecessor in title) *grind all of Messrs. Mendez Rios predecessors' sugar cane produced on their lands, or that of their heirs or successors, on the basis of the most liberal contract executed by said corporation.*

Respondents' petition for declaratory relief requests the Humacao Superior Court to determine that Eastern Sugar Associates are bound by deed No. 36 of 1923, and are obligated to grind all cane grown by respondents herein on the basis of the most liberal contract, and that Eastern Sugar Associates pay respondents the difference between the liquidations actually made and those contracted for, totalling some $66,000.

Petitioners herein seek an injunction from this court ordering respondents to cease and desist from further prosecution of the action for declaratory judgment in the State Court outlined above, contending that this Court has jurisdiction to protect purchasers under the reservation of jurisdiction contained in the above quoted decree of sale.

With this I do not agree. By the reservation of jurisdiction contained in Article IV of the Decree of Sale in this Equity Action No. 1713, this Court simply retained jurisdiction to protect the purchaser from all preferences, priorities, liens, etc., against United Porto Rican Sugar Co. (of Porto Rico), and with respect to the validity, amount, priority, if any, of claims of persons entitled to share in the proceeds of the sale. It did not purport to retain jurisdiction over claims arising against the purchaser for acts or omissions or breaches of contract occurring many years after United's obsequies. Any different construction of the Decree would

be tantamount to judicial legislation creating a special jurisdiction for this Court in all controversies between the purchaser under the decree and others seeking relief predicated on facts which arose long after the decree was entered.

Whether petitioners are liable to respondents under the terms of Deed No. 36 of 1923 as claimed by the latter in their action before the Superior Court of Humacao, or whether they are not, is a question as to which this Court did not and could not reserve jurisdiction in its decree of December 11, 1933, and which must be litigated by petitioners in said Commonwealth Court.

It is therefore Ordered that the Order to Show Cause of October 23, 1956, be and the same is hereby Vacated, and the request for a preliminary injunction be and the same is hereby denied.